UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

——————————————————————————x

PEOPLE OF THE STATE OF NEW YORK, by
LETITIA JAMES, Attorney General of the
State of New York

                    Petitioner,

        -against-                                           25-cv-4093 (CM)

MONEYLION INC., MONEYLION
TECHNOLOGIES INC., and ML PLUS LLC,

                    Respondents.

——————————————————————————x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/12/2025

## DECISION AND ORDER GRANTING PETITIONER'S MOTION TO REMAND

McMahon, J.:

The New York State Office of the Attorney General (the "OAG"), on behalf of the People of the State of New York, filed this action against MoneyLion Inc., MoneyLion Technologies Inc., and ML Plus LLC (collectively, "MoneyLion") in New York state court, alleging violations of New York Executive Law § 63(12) based on a costly and abusive lending program that allegedly impacted thousands of New Yorkers. See Dkt. No. 1-1. MoneyLion removed the action to this court, invoking federal jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367. The OAG now moves to remand the action to state court pursuant to 28 U.S.C. § 1447.

For the reasons set forth below, the OAG's motion to remand the action to state court is GRANTED.

## BACKGROUND

For purposes of deciding this motion, the court treats all facts alleged in the OAG's Amended Complaint as true. *See Qatar v. First Abu Dhabi Bank PJSC*, 432 F. Supp. 3d 401, 406 (S.D.N.Y. 2020).

On April 14, 2025, the OAG filed a Summons and Complaint in New York state court on behalf of the People of the State of New York, naming the MoneyLion entities as defendants. See Dkt. No. 1-1. The OAG then served a Supplemental Summons and Amended Complaint ("Am. Compl.") on April 28, 2025. See Dkt. No. 1-2.

MoneyLion is a technology company offering banking, lending, and other consumer financial products and services directly to consumers throughout the United States. The OAG alleges that MoneyLion offers customers an "earned-wage-advance" ("EWA") product called "Instacash," which allows customers to obtain advances on wages that have been earned but not paid. In actuality, the OAG argues, Instacash is an attempt to evade laws on usury and deceptive loan practices.

The Amended Complaint asserts seven causes of action against MoneyLion, all of them arising under New York's Executive Law § 63(12), which authorizes the OAG to apply to New York courts for injunctive and monetary relief. The First through Fifth Causes of Action are predicated on MoneyLion's alleged usurious lending practices, in violation of New York state usury laws. See Dkt. No. 1-2. The Sixth and Seventh Causes of Action are predicated on MoneyLion's alleged violations of the federal Consumer Financial Protection Act ("CFPA"), 12 U.S.C. § 5531, *et seq.* Section 63(12) of the Executive Law makes violations of both laws actionable as a violation of that section.

On May 15, 2025, MoneyLion removed the action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a), alleging that this court has federal question jurisdiction over the Sixth and Seventh Causes of Action pursuant to 28 U.S.C. § 1331, as well as supplemental jurisdiction over the remaining counts. 28 U.S.C. § 1367. See Dkt. No. 1.

The OAG timely moved for remand. See Dkt. No. 13.

## DISCUSSION

MoneyLion asserts that this court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1331.

28 U.S.C. § 1331 gives district courts original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." On a motion to remand, the removing defendant bears the burden to demonstrate the propriety of removal. *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004).

A case "arises" under federal law "when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Consistent with the well-pleaded complaint rule, a federal question must be presented on the face of the complaint. *Connecticut v. Exxon Mobil Corp.*, 83 F.4th 122, 132 (2d Cir. 2023).

Alternatively, "even where a claim finds its origins in state rather than federal law," a district court has federal jurisdiction over a state law claim if it "necessarily raises . . . a federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Gunn*, 568 U.S. at 258 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

MoneyLion argues that a federal question is presented on the face of the Amended Complaint, because the OAG's Sixth and Seventh Causes of Action raise claims created by federal law. It argues in the alternative that, even if the Sixth and Seventh Causes of Action are grounded in state law, the *Grable-Gunn* test supports the exercise of federal jurisdiction.

The OAG disagrees, contending that claims brought pursuant to New York Executive Law § 63(12) are, by nature, state-law claims, which cannot and should not be transformed into removable federal claims.

The court agrees with the OAG.

## I.    The Amended Complaint Does Not Present a Federal Question

MoneyLion first argues that the Amended Complaint presents a federal question on its face.

Each Cause of Action in the Amended Complaint asserts a violation of New York Executive Law § 63(12). New York Executive Law § 63(12) allows the Attorney General to seek injunctive relief, restitution, and damages in New York state court when an individual "engage[s] in repeated fraudulent or illegal acts or otherwise demonstrate[s] persistent fraud or illegality in the carrying on, conducting or transaction of business." N.Y. Exec. L. § 63(12). For purposes of this provision, any act that violates state or federal law is actionable. *See New York by James v. Citibank, N.A.*, 763 F. Supp. 3d 496, 507 (S.D.N.Y. 2025), *motion to certify appeal granted*, 2025 WL 1194377 (S.D.N.Y. Apr. 22, 2025).

MoneyLion concedes that the Amended Complaint's First through Fifth Causes of Action assert purely state-law claims, alleging usury, fraud, deceptive practices, and false advertising in violation of New York state law. With respect to the Sixth and Seventh Causes of Action, however, the OAG alleges that MoneyLion's violations of federal law give rise to liability under Exec. L. § 63(12). Specifically, the Sixth and Seventh Causes of Action assert that the predicate "illegal act"

is MoneyLion's violations of the CFPA. MoneyLion argues that these claims arise under federal law because the CFPA creates the underlying "right of action" and furnishes the "substantive rules of decision." *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 378-79 (2012).

In *New York By James v. DailyPay, Inc.*, 2025 WL 2695712 (S.D.N.Y. Sept. 19, 2025) my colleague Judge Koeltl was faced with this precise question. In that case, the OAG initiated proceedings against DailyPay, Inc. in New York State Supreme Court, asserting eight causes of action under New York Executive Law § 63(12), two of which were predicated on violations of the CFPA. DailyPay removed the action to federal court, making the exact same argument for federal jurisdiction that MoneyLion advances in this case. Specifically, DailyPay argued, as MoneyLion does here, that these two claims were grounded in federal law because they require the OAG to establish violations of federal law, and because the OAG sought remedies available only under the CFPA. *Id.* at *3.

Judge Koeltl rejected DailyPay's argument that the complaint presented a federal question on its face. He held, in a comprehensive and persuasive opinion, that the fact that alleged violations of § 63(12) were predicated on acts prohibited by the CFPA did not change the fact that they were state-law claims. *Id.* at *4. "In this Circuit, courts have uniformly characterized claims arising from state law that 'predicate[] liability on the application of federal law' as state-law claims that necessarily raise federal questions – but as state-law claims nonetheless." *Id.* (quoting *Qatar*, 432 F. Supp. 3d at 414–15)).

The court also found unpersuasive DailyPay's argument that seeking remedies congruent with those available under the CFPA for alleged violations of §63(12) predicated on the CFPA transformed what would otherwise be state-law claims into federal-law claims. *Id.* The court found DailyPay's reliance on *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187 (2d Cir. 2005) to be

misguided, explaining that, despite the *Broder* court recognizing that the plaintiff could not obtain the requested declaratory relief without prevailing on an issue of federal law, the district court correctly analyzed the plaintiff's claim as a state-law claim that necessarily raised a federal issue under the *Grable-Gunn* test, not as a claim arising under federal law. *Id.* at *4.

The situation here is no different. As was the case in *DailyPay*, the OAG's Sixth and Seventh Causes of Action are state-law claims, even though the alleged violation of state law is predicated on an underlying violation of federal law.

## II.    The *Grable-Gunn* Test Does Not Support Federal Jurisdiction

MoneyLion argues in the alternative that the court has federal jurisdiction over the Sixth and Seventh Causes of Action because the OAG's claims "necessarily raise disputed and substantial federal issues."

For jurisdiction to be proper on this basis, MoneyLion must establish that the OAG's claims premised on the CFPA involve a federal issue that is "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal–state balance approved by Congress." *Gunn*, 568 U.S. at 258; *Grable & Sons Metal Prods., Inc.*, 545 U.S. at 314 (the "*Grable-Gunn*" test). Exercising federal jurisdiction is proper under the *Grable-Gunn* test only if all four requirements are met.[1] *See AMTAX Holdings 227, LLC v. CohnReznick LLP*, 136 F.4th 32, 38 & n.6 (2d Cir. 2025).

With respect to the first factor, MoneyLion argues that its alleged CFPA violations are federal questions "necessarily raised," and that the monetary penalties the OAG seeks also "necessarily raise" federal issues. The OAG does not contest that MoneyLion's alleged violations

---

[1] *See NASDAQ OMX Grp., Inc. v. UBS Sec., LLC*, 770 F.3d 1010, 1029 (2d Cir. 2014) ("Because the category of cases admitting federal jurisdiction over state law claims is 'special and small,' it is to be expected that, after such careful, case-specific consideration, most federal law questions raised in connection with state law claims will not be deemed substantial") (quoting *Gunn*, 568 U.S. at 258)).

of the CFPA satisfy the first prong of the *Grable-Gunn* test, but argues that whether the OAG may seek penalties provided for only in federal law is merely a *potential* legal issue, rather than a federal question that the court *must* decide.

This court, like Judge Koeltl in *DailyPay*, finds the OAG's argument persuasive. As the court explained in *DailyPay*, whether the OAG can seek civil penalties for violations of the CFPA is a federal issue not "necessarily raised" since "a court could potentially resolve the case without ever reaching [it]." *Id.* at *6. The court will therefore consider only whether the federal question that is "necessarily raised" satisfies the remaining three prongs of the *Grable-Gunn* test – namely, whether MoneyLion violated the CFPA.

Turning to the second prong, a federal issue is "actually disputed" when the parties "have a dispute respecting the effect of federal law." *Gunn*, 568 U.S. at 259. MoneyLion argues that the federal issue "actually disputed" is whether MoneyLion's conduct is "deceptive" or "abusive" under the CFPA. In *DailyPay*, the court found this sufficient to satisfy *Grable-Gunn*'s second prong because it requires a court to adjudicate the meaning of "abusive" under the CFPA and determine whether that term applies to DailyPay's alleged conduct. *Id.* at *6. So too here. *See also Broder*, 418 F.3d at 195; *N.Y.C. Health & Hosps. Corp. v. WellCare of New York, Inc.*, 769 F. Supp. 2d 250, 256–57 (S.D.N.Y. 2011).

As to *Grable-Gunn*'s third requirement of substantiality, courts consider "the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260. Disputes that are "fact-bound and situation-specific" are generally not considered substantial under the *Grable-Gunn* test. *See DailyPay, Inc.*, 2025 WL 2695712, at *6 (quoting *Gunn*, 568 U.S. at 263).

Whether MoneyLion violated the CFPA does not raise federal issues that are important to the federal system as a whole. Here, as in *DailyPay*, a court's determination of whether

MoneyLion's alleged conduct constituted deceptive or abusive practices in violation of the CFPA necessarily involves the application of the law – 12 U.S.C. § 5531 – to a particular set of facts. *Id.*, at *7. Additionally, this issue does not "implicate any action of the federal government" because no federal department or agency is "a party to or otherwise involved in this action." *Id.*; *AMTAX Holdings 227, LLC*, 136 F.4th at 40.

Because the federal issue necessarily raised – whether MoneyLion violated the CFPA – does not satisfy *Grable-Gunn's* substantiality requirement, this court's exercise of federal jurisdiction would not be proper.

In any event, the federal issue "necessarily raised" fails to satisfy the fourth prong of the *Grable-Gunn* test, which requires that the exercise of federal jurisdiction "not disturb any congressionally approved balance of state and federal judicial responsibilities." *Id.* (quoting *New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 316 (2d Cir. 2016)). This requirement "focuses principally on the nature of the claim, the traditional forum for such a claim, and the volume of cases that would be affected." *Jacobson*, 824 F.3d at 316.

Presented with facts identical to those raised by the instant motion, Judge Koeltl concluded that the exercise of jurisdiction would disrupt the federal-state balance approved by Congress in the CFPA, which expressly preserves the State's ability to bring such a proceeding in state court. *DailyPay*, 2025 WL 2695712, at *7. The court's conclusion was reinforced by the fact that, in a proceeding such as this one, the State has certain procedures at its disposal designed to facilitate a summary disposition, procedures which would not be available in federal court. *Id.* at *8. Moreover, the court found that exercising jurisdiction could "meaningfully increase the number of cases that would be filed in federal court by opening the floodgates to analogous state suits

premised on violations of other federal consumer protection statutes." *Id.* (quoting *New York by James v. Sirius XM Radio Inc.*, 735 F. Supp. 3d 272, 282 (S.D.N.Y. 2024).

The court sees no meaningful distinction – indeed, no distinction at all – between the facts here and those in *DailyPay*. For the same reasons Judge Koeltl remanded the *DailyPay* action to state court, the court finds that remand is warranted in the instant action.

For the foregoing reasons, the OAG's motion to remand is GRANTED.

## CONCLUSION

The Clerk of Court is respectfully requested to remove the motion at Dkt. No. 13 from the court's list of open motions; to remand this case to New York Supreme Court, New York County; and to close the case on this court's docket.

This is a written opinion.

This constitutes the decision and order of the court. It is a written decision.

Dated: November 12, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL